UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**REGINALD CRAIG LAWSON,**

    *Plaintiff,*

    *v.*

**CITY OF ST. ALBANS, WV,**
**KANAWHA COUNTY, WV, and**
**STATE OF WEST VIRGINIA**

    *Defendants.*

No. 2:24-cv-00186

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT KANAWHA COUNTY'S MOTION TO DISMISS**

As demonstrated below, none of the claims in Plaintiff's Complaint have any merit as a matter of law. Accordingly, Defendant Kanawha County respectfully requests the Court grant its motion and order that Plaintiff's Complaint against it be dismissed with prejudice.

**I.**    **Statement of Facts**

On April 10, 2024, Plaintiff filed a Complaint against the following governmental entities: City of St. Albans, Kanawha County, and the State of West Virginia. In its entirety, Plaintiff's Complaint states the following:

> On June 30, 2022[,] Patrolman L.A. Poe and unknown parties of the St[.] Albans P.D. stole my identity using a WV learner permit issued to me on May 29, 1984[.] My identity was then used to process Tracy Lawson for a shoplifting arrest. Tracy was then released on personal recognizance by Magistrate Joe Shelton based on my criminal history. Tracy failed to appear. A warrant was issued by Mag. Shelton on Sept. 14, 2022[.] I was detained, arrested, transported through the state (WV) and held for seven days. My First, Fourth, and Eighth Amendment[ ] rights were grossly violated.

Compl., at 4.

Kanawha County was served with a copy of this Complaint on April 22, 2024. Because the Complaint only lists Kanawha County in the style of the case and makes no allegation against it, this Complaint should be dismissed as to Kanawha County.

Given the lack of allegations against Kanawha County, Plaintiff has failed to state a claim against this defendant. Plaintiff has not pled—nor can he sustain—a cause of action against Kanawha County. Accordingly, the Court should dismiss Plaintiff's Complaint against Kanawha County.

## II. Legal Standard

"Federal Rule of Civil Procedure 12(b)(6) authorizes courts to dismiss complaints that fail to state a claim upon which relief can be granted." *Stewart v. Justice*, 518 F.Supp.3d 911, 915 (S.D. W. Va. 2021). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to be facially plausible, a plaintiff must "plead . . . factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Ultimately, "[a] court may grant a motion to dismiss, 'if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" *Stewart*, 518 F.Supp.3d at 915 (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

## III. Analysis

According to Rule 8 of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader

is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). See also *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (emphasis in original) (noting that "Rule 8 itself requires a *showing of entitlement to relief*"). Undoubtedly, the various rules related to the sufficiency of pleadings show "that plaintiffs may proceed into the litigation process only when their complaints are justified by both law and fact." *Id.*, at 193.

Here, Plaintiff has failed to satisfy the minimum requirements necessary to sustain a cause of action against Kanawha County. Plaintiff's Complaint does not contain "a short and plain statement" demonstrating that he is "entitled to relief" against this defendant. Fed. R. Civ. P. 8(a)(2). In fact, Plaintiff has not asserted a single factual allegation against Kanawha County. Without such facts, no "reasonable inference" can be drawn indicating that Kanawha County is liable "for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Therefore, the Court should dismiss Plaintiff's Complaint against Kanawha County.

### IV. Conclusion

Plaintiff's Complaint fails to assert any factual allegations against Kanawha County. For this reason, Plaintiff has not stated a viable cause of action against this defendant. Accordingly, Plaintiff's Complaint should be dismissed.

**Kanawha County,**
**By Counsel:**

/s/ Michael D. Mullins
Michael D. Mullins (WVSB # 7754)
Carrington N. Napier (WVSB # 14471)

**STEPTOE & JOHNSON PLLC**
    Of Counsel

707 Virginia Street, East, Fl. 17
P. O. Box 1588
Charleston, WV 25326-1588
Telephone (304)-353-8000
Facsimile (304)-933-8704
michael.mullins@steptoe-johnson.com
carrington.napier@steptoe-johnson.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**REGINALD CRAIG LAWSON,**

    *Plaintiff,*

    *v.*

    No. 2:24-cv-00186

**CITY OF ST. ALBANS, WV,**
**KANAWHA COUNTY, WV, and**
**STATE OF WEST VIRGINIA**

    *Defendants.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of May 2024, I filed the foregoing **"Memorandum of Law in Support of Defendant Kanawha County's Motion to Dismiss,"** via the CM/ECF system and also sent a copy of the same to the following parties of record via First Class United States Mail, postage prepaid:

Reginald Craig Lawson
2109 Dorsey Lane
Morgantown, WV 26501
*Plaintiff (pro se)*

                                                   /s/      *Michael D. Mullins*