IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**REGINALD CRAIG LAWSON,**

    **Plaintiff,**

v.                                       **CIVIL ACTION NO. 2:24-cv-00186**
                                                 Hon. Irene Berger, Judge

**CITY OF ST. ALBANS, WV,**
**KANAWHA COUNTY, WV, STATE**
**OF WEST VIRGINIA,**

    **Defendants.**

### REPLY IN SUPPORT OF DEFENDANT CITY OF ST. ALBANS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**COMES NOW** the Defendant, the City of St. Albans ("this Defendant"), by counsel, Caleb B. David, Tyler L. Rittenhouse, and Shuman McCuskey Slicer PLLC, and, for its Reply to Plaintiff's Response to Motion to Dismiss by City of St. Albans, states as follows:

### INTRODUCTION AND SUMMARY OF ARGUMENTS

This case arises out of Plaintiff's arrest allegedly due to a mistaken identity. This Defendant moved for dismissal of Plaintiff's Complaint on the grounds that (1) Plaintiff failed to state a claim upon which relief can be granted for violations of his rights under the First and Eighth Amendments to the United States Constitution; (2) Plaintiff failed to allege sufficient facts to state a claim under the *Monell* doctrine; and (3) it is entitled to qualified immunity. In his Response, Plaintiff asserts additional factual allegations; however, Plaintiff concedes that he is "ignorant of St. Albans' specific pol[i]cies and procedures for the policy to identify a suspect."[1] Pl.'s Resp.

---

[1] Because Plaintiff does not address this Defendant's arguments regarding qualified immunity and failure to assert a *Monell* claim, the Court may presume concession. *See Taylor v. Clay Cty. Sheriff's Dep't*, Civil Action No. 2:19-cv-00387, 2020 U.S. Dist. LEXIS 30577, at *5 (S.D.W. Va. 2020) ("Plaintiff failed to address any of these arguments, and consequently, concedes to Defendants' position."); *Blankenship v. Necco, LLC*, Civil Action No. 2:16-cv-12082, 2018 U.S. Dist. LEXIS 124142, at *9 (S.D. W.Va. 2018)

1

(ECF Doc. 23). Plaintiff's failure to plead the existence of a custom, policy, or procedure by which local officials violate a plaintiff's constitutional rights is fatal to Plaintiff's claims against this Defendant.

For the reasons stated in this Defendant's Motion to Dismiss, and for the reasons stated herein, Plaintiff's Complaint fails as a matter of law and must be dismissed.

**I.      Plaintiff's Complaint Fails to State a Claim Under the First and Eighth Amendments to the United States Constitution.**

In his Response, Plaintiff does not specifically address this Defendant's argument that he failed to state a claim for relief for alleged violations of his rights under the First and Eighth Amendments to the United States Constitution; however, he does assert additional factual allegations in an attempt to avoid dismissal. These additional factual allegations include a full accounting of his brother's arrest, his brother's use of his identity, Plaintiff's arrest in Monongalia County, and Plaintiff's efforts to secure his release from jail following his arrest. *See* Pl.'s Resp. (ECF Doc. 23).

As stated in its Motion to Dismiss, this Defendant assumes that Plaintiff is attempting to assert a claim for retaliatory arrest in violation of the First Amendment which requires a demonstration of engagement in protected First Amendment activity and requires action adversely affecting First Amendment rights. *Folse v. McCuskey*, No. 2:22-cv-00171, 2023 U.S. Dist. LEXIS 159506, *21-22 (S.D.W. Va. Aug. 15, 2023), *adopted by Folse v. McCuskey*, No. 2:22-cv-00171, 2023 U.S. Dist. LEXIS 158470 (S.D. W. Va., Sept. 7, 2023) (citations omitted). In his Response, Plaintiff asserts that his "freedom of speech was severely restricted" during the period he was incarcerated and that he was "unable to arrange [his] bail." Pl.'s Resp., p. 4 (ECF Doc. 23). There

---

("The failure to respond to arguments raised in a motion…can indicate that the non-moving party concedes the point or abandons the claim.")

2

is no allegation of engagement in protected First Amendment activity or that action was taken in retaliation for engagement in some protected First Amendment activity. Plaintiff still does not allege that this Defendant had a retaliatory animus, let alone allege facts to establish a connection between this Defendant's retaliatory animus and the Plaintiff's arrest to establish a causal relationship between Plaintiff's protected activity and this Defendant's conduct. Rather, Plaintiff simply alleges that he had difficulty arranging his bail while he was incarcerated. Therefore, Plaintiff has failed to state a claim for violation of his First Amendment rights upon which relief may be granted.

Regarding Plaintiff's claim under the Eighth Amendment, none of the additional factual allegations in his Response arise from his incarceration. Plaintiff asserts that being incarcerated for seven days after being arrested due to a mistaken identity constitutes cruel and unusual punishment. Pl.'s Resp., p. 4 (ECF Doc. 23). This is insufficient to state a claim under the Eighth Amendment. "In the absence of any allegation that Plaintiff was a convicted inmate, there is no basis for [a] claim under the Eighth Amendment." *Taylor v. Clay Cty. Sheriff's Dep't*, No. 2:19-cv-00387, 2020 U.S. Dist. LEXIS 30577, *9-10 (S.D.W. Va. Feb. 24, 2020). To the extent Plaintiff is attempting to assert a claim under the Fourteenth Amendment, Plaintiff has failed to establish that the act of incarceration itself is sufficient to state a claim. Therefore, Plaintiff fails to state a claim upon which relief can be granted under the Eighth or Fourteenth Amendment.

**II. Plaintiff Fails to Allege Sufficient Facts to State a Claim upon which Relief Can be Granted Under the *Monell* Doctrine.**

In his Response, Plaintiff does not address this Defendant's argument that he failed to assert a claim to avoid dismissal under the *Monell* doctrine. Without any citation at all, Plaintiff claims that "throughout the United States, when a suspect is arrested for any crime, their fingerprints are taken and immediately run through the system." Pl.'s Resp., p. 2 (ECF Doc. 23). Despite this

3

conclusory allegation, Plaintiff concedes that he is "ignorant of St. Albans' specific pol[i]cies and procedures for the police to identify a suspect." Pl.'s Resp., p. 2 (ECF Doc. 23). Plaintiff's admission to a lack of any municipal policy or custom is fatal to his claims against this Defendant, and Plaintiff's general reference to his belief of the existence of a nationwide process for suspect identification is insufficient to support a *Monell* claim.

Under the *Monell* doctrine, a municipality can only be liable where "it follows a custom, policy, or practice by which local officials violate a plaintiff's constitutional rights." *Owens v. Balt. City*, 767 F.3d 379, 402 (4th Cir. 2014) (citation omitted). Here, Plaintiff has not specifically identified a municipal policy or custom that caused his alleged injury. Indeed, Plaintiff admits that he is not aware of a municipal policy or custom that caused his alleged injury. Thus, even if Plaintiff's Complaint can be construed to state a Fourth Amendment claim, Plaintiff has failed to allege sufficient facts to establish that this Defendant maintained a custom, policy, or practice by which this Defendant allegedly violated Plaintiff's constitutional rights. Additionally, this Defendant cannot be held vicariously liable under Section 1983. *See Russell v. Chesapeake*, 817 F. Supp. 38, 40 n.2 (S.D.W. Va. 1993) (citing *Monell*, 436 U.S. at 694-95) ("[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue. Liability under § 1983 will not attach under the doctrines of respondeat superior or vicarious liability."). Therefore, Plaintiff's Complaint must be dismissed.

**WHEREFORE**, Defendant the City of St. Albans respectfully requests that this Honorable Court grant its Motion to Dismiss the Plaintiff's Complaint against it with prejudice. This Defendant requests all other and further relief this Honorable Court deems just and proper.

                                              **THE CITY OF ST. ALBANS**
                                              **By counsel,**

/s/ Caleb B. David

Caleb B. David, Esq. (WVSB #12732)
Tyler L. Rittenhouse, Esq. (WVSB #14097)
Shuman McCuskey Slicer PLLC
1411 Virginia Street, East
Post Office Box 3953
Charleston, WV 25339 [25301]
cdavid@shumanlaw.com
trittenhouse@shumanlaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

**REGINALD CRAIG LAWSON,**

    **Plaintiff,**

v.                                           **CIVIL ACTION NO. 2:24-cv-00186**
                                                  **Hon. Irene Berger, Judge**

**CITY OF ST. ALBANS, WV,**
**KANAWHA COUNTY, WV, STATE**
**OF WEST VIRGINIA,**

    **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of June 2024, I caused a true and correct copy of the foregoing ***Reply in Support of Defendant City of St. Albans' Motion to Dismiss Plaintiff's Complaint*** to be served upon counsel of record utilizing the Court's ECF System and by placing a copy of same in the regular course of the United States Mail, postage prepaid to *pro se* Plaintiff as follows:

> Reginald Craig Lawson
> 2019 Dorsey Lane
> Morgantown, WV 26501
> *Pro se Plaintiff*
>
> Michael D. Mullins, Esq. (WVSB #7754)
> Carrington N. Napier, Esq. (WVSB #14471)
> Steptoe & Johnson PLLC
> P.O. Box 1588
> Charleston, WV 25326-1588
> Michael.Mullins@steptoe-johnson.com
> Carrington.Napier@steptoe-johnson.com
> *Counsel for Defendant Kanawha County*

                                             /s/_____
                                             Caleb B. David, Esq. (WVSB #12732)
                                             Tyler L. Rittenhouse, Esq. (WVSB #14097)