IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**REGINALD CRAIG LAWSON,**

      **Plaintiff,**

v.                                                                   Civil Action No. 2:24-CV-00186

**CITY OF ST. ALBANS, WV,** *ET AL.***,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following: ***Defendant Kanawha County's Motion to Dismiss*** and its accompanying ***Memorandum in Support of Defendant Kanawha County's Motion to Dismiss*** (ECF Nos. 13, 14); ***Defendant State of West Virginia's Motion to Dismiss Plaintiff's Complaint*** and its accompanying ***Memorandum of Law in Support of Defendant State of West Virginia's Motion to Dismiss Plaintiff's Complaint*** (ECF Nos. 17, 18); and ***Defendant City of St. Albans' Motion to Dismiss Plaintiff's Complaint*** and its accompanying ***Memorandum of Law in Support of Defendant City of St. Albans' Motion to Dismiss Plaintiff's Complaint*** (ECF Nos. 20, 21).

By Standing Order entered on April 11, 2024, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 7) Having examined the ***Complaint*** (ECF No. 1), the additional pleadings of record, and the pertinent legal authority, the undersigned has concluded that the aforementioned ***Motions to Dismiss*** should be **GRANTED** for the reasons stated *infra*:

1

**Plaintiff's Factual Allegations**

The Plaintiff has asserted a species of a 42 U.S.C. § 1983 claim that includes violations of his First, Fourth and Eighth Amendment rights: he alleges that on June 30, 2022, Patrolman L.A. Poe "and unknown parties" of the St. Albans police department "stole" his identity by "using a WV learner permit issued to me on May 29, 1984" in order to process Tracy Lawson for a shoplifting arrest. The Plaintiff states that Tracy Lawson was released on a personal recognizance bond, but then later failed to appear in court for the offense, causing Magistrate Shelton to issue a bench warrant on September 14, 2022. The Plaintiff alleges that he was arrested on the warrant and detained for seven days. For relief, the Plaintiff requests damages in the amount of $6,720.00.00 as well as a "public apology, and deletion of all records with my name pertaining to my arrest."

**Procedural History**

On April 10, 2024, the Plaintiff, acting *pro se*[1], filed his Complaint against the Defendants: City of St. Albans, West Virginia; Kanawha County, West Virginia; and State of West Virginia. (ECF No. 1)[2] Following service of the Complaint, on May 6, 2024, the Defendant Kanawha County (hereinafter "Kanawha County") filed its Motion to Dismiss and supporting Memorandum (ECF Nos. 13, 14); on May 10, 2024, the Defendant State of West Virginia (hereinafter "West Virginia") filed its Motion to Dismiss and supporting Memorandum (ECF Nos. 17, 18); and on May 17, 2024, the Defendant City of St. Albans (hereinafter "St. Albans") filed its Motion to

---

[1] Because the Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] The Plaintiff initially filed his Complaint in the United States District Court for the Northern District of West Virginia, and the action was promptly transferred to this Court, being the appropriate venue (See ECF Nos. 5, 6).

2

Dismiss and supporting Memorandum (ECF Nos. 20, 21). In accordance with the Roseboro notices issued by the undersigned (ECF Nos. 16, 19, 22), the Plaintiff filed his "Response" in opposition to each of the Defendants' Motions (ECF Nos. 23, 24, 25) on May 28, 2024[3], on June 4, 2024, the Defendants filed their Replies in further support of their respective Motions to Dismiss (ECF Nos. 26, 28, 27). Consequently, this matter is fully briefed and ready for resolution.

## Kanawha County Argument for Dismissal

Succinctly stated, Kanawha County argues there are no factual allegations against it by this Plaintiff, and therefore the Complaint against it should be dismissed.

## West Virginia Argument for Dismissal

West Virginia notes that the Plaintiff makes no factual allegations against it, and therefore the Complaint against it should be dismissed. Additionally, West Virginia enjoys Eleventh Amendment immunity, and is immune to Section 1983 claims. To the extent that any factual allegations can be construed against West Virginia, it is nevertheless entitled to qualified immunity from suit.

## St. Albans Argument for Dismissal

Assuming the Plaintiff is attempting to assert a claim for retaliatory arrest in violation of his First Amendment rights, St. Albans contends that the Plaintiff's Complaint is devoid of any such allegations to support a First Amendment claim, let alone any allegations against this

---

[3] The Plaintiff also filed several and identical exhibits in support of his responsive pleadings which concern the underlying State misdemeanor criminal matters related to the shoplifting charge and the capias warrant – ultimately, the shoplifting offense was dismissed after law enforcement later determined that "Tracy Lawson" had given the Plaintiff's name upon arrest for the shoplifting offense. (ECF Nos. 23-1, 24-1, 25-1)

The undersigned further observes that each "Response" the Plaintiff filed are also identical to one another and present no distinguishable substantive arguments to the Motions that warrant a discussion of each responsive pleading separately. Accordingly, the undersigned addresses the Plaintiff's Response collectively.

3

defendant took some action that adversely affected the Plaintiff's First Amendment rights. The Plaintiff does not even allege St. Albans had a retaliatory animus, a nexus between this defendant's retaliatory animus and the Plaintiff's arrest. Moreover, because the Eighth Amendment was designed to protected those convicted of crimes, the Plaintiff's Eighth Amendment claim also fails against St. Albans: during the time he was detained, he does not allege he was a convicted inmate. The Plaintiff's Fourteenth Amendment claim also fails because the Supreme Court of the United States has determined that claims should be analyzed under the standard appropriate to a specific constitutional provision, such as the Fourth Amendment, and not under the generalized notion of substantive due process. While the Plaintiff's claims appear to be for unlawful seizure, this must be analyzed under the Fourth Amendment's textually specific protection, thus, to the extent the Plaintiff attempts to assert a Fourteenth Amendment claim, he fails to state a claim upon which relief can be granted.

St. Albans also states that the Plaintiff fails to establish a Monell claim[4], as he does not identify a custom, policy or practice St. Albans has that violated his constitutional rights. Additionally, any claims against St. Albans fail under the theory of vicarious liability or *respondeat superior*, as Section 1983 claims based on such theories cannot be brought against municipalities.

Finally, St. Albans argues that it is entitled to qualified immunity when judged by an objective standard in light of the facts alleged by the Plaintiff, the reasonableness of this defendant's belief that it was arresting the correct person. The Plaintiff does not allege that St.

---

[4] Pursuant to Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978).

Albans or its officer acted objectively unreasonably or failed to investigate readily available exculpatory evidence – only that the officers used a State-issued form of identification to identify a suspect for a shoplifting arrest. There is also no showing that the officers' conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known.

### The Plaintiff's Response in Opposition of Dismissal

The Plaintiff appears to disagree that any of the Defendants enjoy immunity protections, and then provides additional details leading up to his arrest. He explains that Tracy Scott Lawson (hereinafter referred to as "Tracy") is his brother, who has a lengthy criminal history. When Tracy was arrested for shoplifting, and presumably asked for identification, because Tracy had none, he gave the officer, L.A. Poe, the Plaintiff's name. The officer did not verify this information. While the Plaintiff professes being ignorant of St. Albans's policies and procedures, the Plaintiff does know that law enforcement are supposed to verify suspect's identification as well as check their history – usually by fingerprints. However, Officer Poe ignored these procedures. The Plaintiff also states that instead, Officer Poe retrieved a West Virginia learner's permit issued to the Plaintiff, without the Plaintiff's knowledge or consent, and applied it to the arrest reports. The Plaintiff claims Officer Poe committed two crimes here: one being the theft of the Plaintiff's information, the other being filing false police reports.

The Plaintiff also asserts that when Magistrate Shelton issued a bond for Tracy without considering his criminal history was not only negligent, but also amounts to being "an accessory after the fact of the identify theft." The Plaintiff alleges that Tracy was released by the magistrate and then failed to appear, causing a warrant to be issued on September 14, 2022. The following

year, on October 7, 2023, the Plaintiff was approached by an officer with the Morgantown Police Department, and when the Plaintiff refused to provide his identification as requested, the Plaintiff was detained. The Plaintiff's identification was the checked which revealed the capias warrant, and despite the Plaintiff's protestations of innocence, he was placed in custody. Following an arraignment, the Plaintiff was detained initially at the Northern Regional Jail, and then later transferred to the Southern Regional Jail; on October 13, 2023, the Plaintiff was brought before a magistrate in Kanawha County, West Virginia and released on his own recognizance. The charges against the Plaintiff were later dismissed on January 30, 2024.

The Plaintiff asserts that the incompetence or "known criminality" of Officer L.A. Poe as well as "all who failed to exercise due diligence in performing their duties as sworn public servants and officers of the court" resulted in a violation of his Fourth Amendment rights. The Plaintiff likens his seven-day detention for a crime that has "at most a $250 fine" to cruel and unusual punishment. The Plaintiff further states that his freedom of speech was "severely restricted" to the extent that he was unable to arrange bail and "forced to remain in custody until [his] release[.]"

**Kanawha County Reply in Further Support of Dismissal**

Once again, Kanawha County points out that the Plaintiff's response contains no factual allegations against it; further, to the extent that the Plaintiff's Complaint or response be construed as an attempt to hold Kanawha County liable for the actions of the magistrate, such claims are barred by the doctrine of judicial immunity.

**West Virginia Reply in Further Support of Dismissal**

In addition to reasserting its defenses in its motion to dismiss, West Virginia observes that despite the Plaintiff providing additional facts surrounding his brother's arrest and his own arrest,

he still offers no facts indicating West Virginia's involvement in this matter.

### St. Albans Reply in Further Support of Dismissal

St. Albans restates its defenses to the Plaintiff's claim as set forth in its motion to dismiss, and additionally asserts that the Plaintiff's allegation that his freedom of speech was restricted while incarcerated because he was unable to arrange his bail is still devoid of showing St. Albans had any retaliatory animus towards any protected activity. Further, the Plaintiff's allegation that his being incarcerated for seven days after being arrested due to a mistaken identity is cruel and unusual punishment fails as a matter of law – he was not a convicted inmate. The Plaintiff's own concession of being ignorant of St. Albans' policies and procedures is fatal to his *Monell* claim against St. Albans.

### The Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W. Va. 2007) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

**Discussion**

As an initial matter, the undersigned notes that the Plaintiff does not respond or otherwise address: any of the Defendants' arguments that the Plaintiff has asserted no factual allegations against them; West Virginia's argument that it enjoys not only Eleventh Amendment immunity but is not liable under Section 1983 because it is not a "person" subject to such suits[5]; or St. Albans'

---

[5] See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

argument that the Plaintiff fails to identify any municipal policy or custom that was the cause of his alleged injuries[6] – indeed, the Plaintiff concedes that he is "ignorant of St. Albans' specific policies and procedures for the policy to identify a suspect" (See ECF No. 23 at 2). The undersigned finds that the Plaintiff's silence on these issues can be construed as a concession to these specific arguments. Intercarrier Communications, LLC v. Kik Interactive, Inc., 2013 WL 4061259, at *3 (E.D. Va. Aug. 9, 2013) (citing Cureton v. U.S. Marshal Serv., 322 F. Supp. 2d 23, 27 (D.D.C. 2004) ("When a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the case."); see Chamblee v. Old Dominion Sec. Co., L.L.C., 2014 WL 1415095, at *8 (E.D. Va. Apr. 10, 2014) ("[Plaintiff] did not respond to the arguments made by any of the defendants with regards to Counts IX and X. As a result, [Plaintiff] abandoned these claims."). By failing to respond in any way to these arguments for dismissal of the Section 1983 claims, the Plaintiff has abandoned them.

As an additional matter, the undersigned observes that the Plaintiff's 1983 claims rely entirely on conclusory allegations – and concern none of the Defendants named here. Thus, the Plaintiff only provides "naked assertion[s]" for these claims which are verboten pursuant to the jurisprudence espoused under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal

---

[6] See Starbuck v. Williamsburg James Cty. Sch. Bd., 28 F.4th 529, 533 (4th Cir. 2022) (quoting Monell v. Dept. Of Social Services of City of New York, 436 U.S. 658, 690-91(1978) (Section 1983 "permits suits against a municipality for a federal constitutional deprivation only when the municipality undertook the allegedly unconstitutional action pursuant to an 'official policy' or 'custom.'").

for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570.

Accordingly, the undersigned would recommend the Plaintiff's claims against the Defendants be dismissed with prejudice.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** the Defendants' *Motion(s) to Dismiss* (ECF Nos. 13, 17, 20) with prejudice.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on any opposing parties, District

Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to the *pro se* Plaintiff and to counsel of record.

ENTERED: August 30, 2024.

Omar J. Aboulhosn
United States Magistrate Judge