UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**REGINALD CRAIG LAWSON,**

    *Plaintiff,*

  v.

**CITY OF SAINT ALBANS, WV**
**KANAWHA COUNTY, WV, and**
**STATE OF WEST VIRGINIA**

No. 2:24-cv-00186
Hon. Irene Berger, Judge

    *Defendants.*

### DEFENDANT KANAWHA COUNTY, WV'S RESPONSE TO PLAINTIFF'S OBJECTION TO THE RECOMMENDATION TO DISMISS PURSUANT TO FED. R. CIV. P. 72

    As explained below, in his objection, Plaintiff does not appear to dispute Magistrate Judge Aboulhosn's core conclusion as to Defendant Kanawha County—Plaintiff has failed to make any factual allegations against it, and therefore, dismissal is appropriate. Accordingly, Defendant Kanawha County respectfully requests the Court adopt Magistrate Judge Aboulhosn's recommendation and order that Plaintiff's Complaint against it be dismissed with prejudice.

**I.**    **Background**

    On April 10, 2024, Plaintiff filed a Complaint against the following governmental entities: the City of St. Albans, Kanawha County, and the State of West Virginia. In its entirety, Plaintiff's Complaint states the following:

> On June 30, 2022[,] Patrolman L.A. Poe and unknown parties of the St[.] Albans P.D. stole my identity using a WV learner permit issued to me on May 29, 1984[.] My identity was then used to process Tracy Lawson for a shoplifting arrest. Tracy was then released on personal recognizance by Magistrate Joe Shelton based on my criminal history. Tracy failed to appear. A warrant was issued by Mag. Shelton on Sept. 14, 2022[.] I was detained, arrested, transported through the state (WV) and

> held for seven days. My First, Fourth, and Eighth Amendment[ ] rights were grossly violated.

Compl., at 4.

In response, each defendant sought to dismiss the Complaint. *See* Def. Kanawha County's Mot. to Dismiss, ECF Nos. 13, 14; Def. State of West Virginia's Mot. to Dismiss, ECF Nos. 17, 18; Def. City of St. Albans Mot. to Dismiss, ECF Nos. 20, 21. It its motion, Kanawha County highlighted that Plaintiff had failed to allege any facts against it, as Plaintiff only takes issue with the actions of Tracy Lawson, Officer Poe, and Magistrate Shelton. *See* Mem. in Supp. of Def. Kanawha County's Mot. to Dismiss 3, ECF No. 14. Plaintiff provided identical responses to each defendant, only contending that none of the defendants are entitled to immunity based upon Officer Poe's alleged failure to follow statutory procedure to properly identify Tracy Lawson and Magistrate Shelton's issuance of a capias warrant for Plaintiff's arrest in reliance on that misidentification. *See* Pl.'s Resp. to Mot. to Dismiss by City of St. Albans, ECF No. 23; Pl.'s Resp. to Mot. to Dismiss by Kanawha County, ECF No. 24; Pl.'s Resp. to Mot. to Dismiss by the State of West Virginia, ECF No. 25. In its reply, Kanawha County reiterated that no facts had been alleged against it, and that insofar as Plaintiff's Complaint could be construed as an attempt to hold Kanawha County liable for the actions of Magistrate Shelton, such claims are barred by the doctrine of judicial immunity. Def. Kanawha County's Reply to Plaintiff's Resp. in Opp. to Kanawha County's Motion to Dismiss, ECF No. 26.

On August 30, 2024, Magistrate Judge Aboulhosn issued his proposed findings and recommendation, recommending all defendants be dismissed with prejudice. *See* Proposed Findings & Recommendation 10, ECF No. 40. In recommending dismissal, the court observed that "Plaintiff does not respond or otherwise address[] any of the Defendants' arguments that the Plaintiff has asserted no factual allegations against them." *Id*. at 8. In failing to respond to these

arguments, Plaintiff had conceded the issue. *See id.* Following this, on September 16, 2024, Plaintiff filed his objection to the recommendation.

## II. Legal Standard

Federal Rule of Civil Procedure 72(b)(3) explains that a district court reviews a magistrate judge's findings and recommendations *de novo*.

"Federal Rule of Civil Procedure 12(b)(6) authorizes courts to dismiss complaints that fail to state a claim upon which relief can be granted." *Stewart v. Justice*, 518 F. Supp. 3d 911, 915 (S.D. W. Va. 2021). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to be facially plausible, a plaintiff must "plead . . . factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Ultimately, "[a] court may grant a motion to dismiss, 'if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" *Stewart*, 518 F. Supp. 3d at 915 (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)).

## III. Analysis

In his objection to the recommendation to dismiss, Plaintiff cites various statutes pertaining to police custody intake procedures which were allegedly not followed by Officer Poe, leading to Plaintiff's misidentification and arrest. *See* Pl.'s Obj. to the Recommendation to Dismiss 2–8, ECF No. 41.

However, critically, Plaintiff still does not dispute the magistrate judge's core conclusion as to Kanawha County—as before, no factual allegations have been made against Kanawha County to support a claim against it. At bottom, while Plaintiff's objection reiterates his allegations regarding the actions of Officer Poe and Magistrate Shelton, it is not abundantly clear that Plaintiff's objection has contested the conclusion that Plaintiff failed to allege any facts against Kanawha County. Given that Plaintiff has twice declined to set forth a factual basis for Kanawha County's continued presence in this suit, Plaintiff has waived any objection to Kanawha County's dismissal, as objections must be in form of "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Accordingly, the Court should adopt Magistrate Judge Aboulhosn's recommendation and order Plaintiff's Complaint against Kanawha County be dismissed with prejudice.

Second, even construing the Complaint as an attempt to hold Kanawha County liable for Magistrate Shelton's judicial acts, Plaintiff's claims are barred by judicial immunity. *See Gibson v. Goldston*, 85 F.4th 218, 223 (4th Cir. 2023) ("[Judicial immunity] serves as a complete bar to suit."). This immunity "applies even to judicial acts 'flawed by the commission of grave procedural errors,' . . . and protects even actions 'alleged to have been done maliciously or corruptly[.]'" *Id.* (internal citations omitted). "Judicial immunity can be overcome only where: (1) the judge engaged in nonjudicial actions—that is, 'actions not taken in the judge's judicial capacity'; or (2) there was a complete lack of jurisdiction." *Rodriguez v. Doe*, 549 Fed. Appx. 141, 145 (4th Cir. 2013) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)). It is undisputed that Magistrate Shelton's bond and capias decisions constitute judicial acts within his jurisdiction, and as a result, Magistrate Shelton is entitled judicial immunity in this matter.

4

Moreover, even assuming judicial immunity were inapplicable, Kanawha County cannot be held vicariously liable for Magistrate Shelton's conduct, as "[a] magistrate is an employee of the state, rather than an employee of the county that elected him/her to office." Syl. Pt. 4, *Atkinson v. Cnty. Comm'n*, 200 W. Va. 380 (1997). Therefore, Kanawha County should be dismissed from this suit.

## IV. Conclusion

In sum, the Plaintiff's objection does not dispute the conclusion that no facts have been alleged against Kanawha County. Further, judicial immunity prevents Magistrate Shelton's rulings from becoming the basis of liability. Finally, even if judicial immunity were not applicable, Kanawha County cannot be held liable for Magistrate Shelton's conduct because he is not an employee of the county. The recommendation should be adopted, and Kanawha County should be dismissed from this matter with prejudice.

**Kanawha County, WV,
By Counsel:**

/s/ Chris Robinson (WVSB #14290)
Michael D. Mullins (WVSB # 7754)
Carrington N. Napier (WVSB # 14471)
Chris Robinson (WVSB # 14290)
707 Virginia Street, East, Fl. 17
P. O. Box 1588
Charleston, WV 25326-1588
Telephone (304)-353-8000
Facsimile (304)-933-8704
michael.mullins@steptoe-johnson.com
carrington.napier@steptoe-johnson.com
chris.robinson@steptoe-johnson.com

**STEPTOE & JOHNSON PLLC**
Of Counsel

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**REGINALD CRAIG LAWSON,**

    *Plaintiff,*

  v.

**CITY OF SAINT ALBANS, WV**  
**KANAWHA COUNTY, WV, and**  
**STATE OF WEST VIRGINIA**

    *Defendants.*

No. 2:24-cv-00186  
Hon. Irene Berger, Judge

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of September 2024, I filed the foregoing **"Defendant Kanawha County, WV's Response to Plaintiff's Objection to the Recommendation to Dismiss Pursuant to Fed. R. Civ. P. 72,"** via the CM/ECF system and also sent a copy of the same to the following parties of record via First Class United States Mail, postage prepaid:

Reginald Craig Lawson  
2109 Dorsey Lane  
Morgantown, WV 26501  
*Plaintiff (pro se)*

                                      /s/      *Chris Robinson*