IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

REGINALD CRAIG LAWSON,

          Plaintiff,

v.                                    CIVIL ACTION NO.   2:24-cv-00186

CITY OF ST. ALBANS, WV, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *pro se Complaint* (Document 1), the *Defendant Kanawha County's Motion to Dismiss* (Document 13) its *Memorandum in Support of Defendant Kanawha County's Motion to Dismiss* (Document 14), *Defendant State of West Virginia's Motion to Dismiss Plaintiff's Complaint* (Document 17) the *Memorandum of Law in Support of Defendant State of West Virginia's Motion to Dismiss Plaintiff's Complaint* (Document 18), *Defendant City of St. Albans' Motion to Dismiss Plaintiff's Complaint* (Document 20) and the *Memorandum of Law in Support of Defendant City of St. Albans' Motion to Dismiss Plaintiff's Complaint* (Document 20), collectively referred to herein as the Defendants' Motions.

By *Administrative Order* (Document 7) entered on April 11, 2024, this action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On August 30, 2024, Magistrate Judge Aboulhosn submitted a *Proposed Findings and*

*Recommendation* (PF&R) (Document 40), wherein it is recommended that this Court grant the Defendants' Motions, dismiss the Plaintiff's Complaint with prejudice, and remove this matter from the Court's docket. The Plaintiff timely objected to the PF&R by filing his *Objection to the Recommendation to Dismiss* (Document 41). For the reasons stated herein, the Court finds that the Plaintiff's objections should be overruled.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Magistrate Judge Aboulhosn's PF&R sets forth a detailed account of the relevant facts and procedural history surrounding the Plaintiff's claims. The Court now incorporates by reference those facts and procedural history. In order to provide context for the ruling herein, the Court provides the following summary.

The Plaintiff, Reginald Lawson, alleges that his brother, Tracy Lawson, provided the Plaintiff's name as his own when he was arrested for shoplifting by Patrolman L.A. Poe of the St. Albans Police Department. Tracy Lawson did not have any identification on him, and the Plaintiff's name was printed instead in the arrest reports and criminal complaint made pursuant to the shoplifting arrest. The Plaintiff states that Officer Poe failed to perform her official duties by not collecting Tracy Lawson's fingerprints for identification, and instead confirmed the false identity through the Plaintiff's DMV record from 1984. Tracy Lawson was then released on personal recognizance by Magistrate Judge Shelton because of the Plaintiff's lack of criminal history.

When Tracy Lawson failed to appear at a later hearing, an arrest warrant containing the Plaintiff's name was issued. The Plaintiff was arrested, transported, and detained for seven (7) days by the Morgantown Police Department. The shoplifting charge against the Plaintiff was dismissed after it was determined that Tracy Lawson falsely provided the Plaintiff's name. The

Plaintiff now brings a 42 U.S.C. § 1983 claim against the City of St. Albans, Kanawha County, and the State of West Virginia, wherein he asserts that his First, Fourth, and Eighth Amendment rights were violated by these Defendants and their alleged agents.

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## APPLICABLE LAW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling

4

him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal,* 556 U.S. at 679.

## DISCUSSION

Judge Aboulhosn found that the Plaintiff failed to state a claim because his Section 1983 claims relied solely on conclusory allegations that did not involve any of the named Defendants. Judge Aboulhosn also noted that the Plaintiff failed to respond to any of the Defendants' arguments for dismissal, specifically the arguments that the Plaintiff has failed to assert factual allegations against the Defendants, that West Virginia is entitled to Eleventh Amendment immunity, that West Virginia is not liable under Section 1983 because it is not a "person" as required by the statute to maintain suit, and that the Plaintiff has failed to set forth a municipal policy that caused his alleged injuries as required to assert a *Monell* claim. Based on controlling case law, Judge Aboulhosn concluded that the Plaintiff had conceded these arguments.

In his Objection filed on September 16, 2024, the Plaintiff restates the allegations contained in the Complaint and lists statutes he argues Officer Poe and Magistrate Judge Shelton violated. He contends that Officer Poe violated W. Va. Code § 61-5-28 (failure to perform official duties) when she did not take Tracy Lawson's fingerprints and submit them for identification. By failing to take Tracy Lawson's fingerprints, the Plaintiff alleges she also violated W. Va. Code § 15-2-24 (neglect to report fingerprints of an arrestee to the Criminal Identification Bureau). He further alleges that Officer Poe aided Tracy Lawson in escaping by failing to perform her official duties and is thus not entitled to qualified immunity. Finally, the Plaintiff argues that Magistrate Judge

Shelton also failed to perform his official duties and violated W. Va. Code § 62-1C-1a by improperly determining whether to release Tracy Lawson on his own recognizance.

42 U.S.C. § 1983 states that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." A local government cannot be sued under 42 U.S.C. § 1983 for injuries caused by its employees or agents unless it is "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy" that causes the injury. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). "[A] plaintiff seeking to impose liability on a municipality under [Section] 1983 [is required] to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403 (1997) (quoting *Id.*). "The plaintiff must also demonstrate . . . a direct causal link between the municipal action and the deprivation of federal rights." *Brown*, 520 U.S. at 404 (emphasis added).[1]

Even accepting all of the factual allegations contained in the Plaintiff's Complaint as true, it is clear the Plaintiff fails to state a claim upon which relief can be granted. In his Complaint, the Plaintiff asserts nothing more than naked assertions that fail to implicate any of the named Defendants, but instead implicate only Officer Poe and Magistrate Judge Shelton. The Plaintiff

---

[1] The Plaintiff has not asserted a false arrest or malicious prosecution claim in his Complaint, but rather a claim that Officer Poe's and Magistrate Judge Shelton's actions violated their obligation to perform their official duties. The Plaintiff thus attempts to assert a *Monell* claim. As such, the Court will not determine whether the seizure of the Plaintiff was supported by probable cause.

has failed to cure these defects in subsequent briefing. Furthermore, the Plaintiff's motion is devoid of any causal link between the actions of the Defendants and the deprivation of his federal rights. Absent facts establishing how the Defendants are linked in any way to the asserted harms the Plaintiff has suffered, the Court agrees with Magistrate Judge Aboulhosn's assessment that the Plaintiff has failed to state a claim under Section 1983.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Plaintiff Objection to the Recommendation to Dismiss* (Document 41) be **OVERRULED**, the Magistrate Judge's *Proposed Findings and Recommendation* (Document 40) be **ADOPTED**, the Defendants' Motions (Documents 13, 17, and 20) be **GRANTED**, the Plaintiff's *pro se Complaint* (Document 1) be **DISMISSED with prejudice**, and that this matter be removed from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Aboulhosn, to counsel of record, and to any unrepresented party.

ENTER: November 25, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA